UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. WEGENER, L. JEROME PRIBIL, and KOOL AGRICULTURAL SPR DE RL DE CV<br><br>Plaintiffs,<br><br>v.<br><br>AXA SEGUROS, S.A. DE C.V.,<br><br>Defendants. | Case No.: 4:16-CV-03175-CRZ |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**

NOW COMES AXA Seguros, S.A. DE C.V. ("AXA"), by and through its attorneys, Gordon & Rees LLP, and moves for the dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, along with 28 U.S.C. § 1406(a), or, alternatively, to dismiss this matter based on the doctrine of forum non conveniens. In support of the instant motion, AXA states as follows:

**I.      INTRODUCTION AND SUMMARY**

This action arises out of a coverage dispute involving an insurance policy (the "Policy") issued in Mexico by defendant AXA, a Mexican insurer, to plaintiff Kool Agricultural SPR DE RL DE CV ("Kool Ag"), a Mexican company, for equipment that Kool Ag purchased for use in an agricultural business in Campeche, Mexico. These facts are not in dispute.

Plaintiffs Michael J. Wegener ("Wegener") and L. Jerome Prebil ("Prebil") allege they are Nebraska residents and loss payees under the Policy and along with Kool Ag (collectively

1

"Plaintiffs") they have filed this lawsuit against AXA seeking a declaration of coverage and damages under the Policy for the loss of the equipment.

Plaintiffs allege this Court has diversity jurisdiction under 28 U.S.C. section § 1332(a). Plaintiffs are mistaken. Where, as here, one of the parties consists of a foreign entity alone, there can be no diversity jurisdiction.

Further, this is not the appropriate venue for this lawsuit. The lawsuit involves the interpretation of an insurance policy issued by a Mexican insurer to a Mexican insured and the resolution of whether a loss of equipment in Mexico is covered under the Policy. All of the witnesses and evidence are located in Mexico. Because all of the events or omissions that give rise to the claim occurred in Mexico, Mexico is the appropriate forum. As such, AXA respectfully requests that this matter be dismissed.

## II.  FACTUAL BACKGROUND

In their Complaint Plaintiffs Wegener and Pribil allege that they are residents of Nebraska. (*See* Plaintiffs' Complaint attached hereto and incorporated herein as Exhibit A, ¶¶ 1, 2.) Plaintiffs allege that AXA is a foreign insurance company from Mexico. (*Id.* at ¶ 3.) Plaintiffs incorrectly allege that AXA is authorized to conduct and does conduct business in Nebraska. *Id.* This is inaccurate. AXA is not authorized nor does it do any business in Nebraska. (*See* Affidavit of Diego H. Morales, ¶ 3, attached hereto and incorporated herein as Exhibit B.)

Plaintiffs allege the United States District Court for the District of Nebraska "has original jurisdiction over [their claims] pursuant to 28 U.S.C. § 1332(a)" and that "[d]iversity of the parties is complete as the plaintiffs, Michael J. Wegener and L. Jerome Pribil" are Nebraska residents,

"plaintiff Kool Ag[] is an entity formed in Mexico," and "defendant [AXA] is formed under the laws of Mexico with [its] principal place of business in Mexico City, Mexico." (Complaint, ¶ 4.)

Plaintiffs allege that AXA issued contractor's equipment and heavy mobile machinery policy no. TSA414060000, to Kool Ag, "which insured certain equipment…purchased…for use in an agricultural business in Campeche, Mexico." (Complaint, ¶ 5.) Plaintiffs allege that Wegener and Pribil are named as loss payees on the Policy and further, "as interest holders in Kool Ag [they] purchased certain equipment in the name of Kool Ag which is listed in a separate endorsement to the [P]olicy." (*Id.* at ¶¶ 5-6.) Plaintiffs allege that in 2013, they purchased irrigation equipment that was delivered to Plaintiffs' equipment dealer but was "misappropriated and never delivered to [Plaintiffs.]" (*Id.* at ¶¶ 7-8.)

Plaintiffs allege that they made a claim under the Policy for the missing equipment (the "Loss") which was denied by AXA on the basis that coverage for the Loss was excluded under the Policy. (Complaint, ¶¶ 9-10.) In their Complaint, Plaintiffs allege a cause of action for Declaratory Relief and a cause of action for Breach of Contract alleging that AXA breached the Policy when it denied coverage for the Loss. Plaintiffs seek a declaratory judgment that the Policy provides coverage for the Loss and damages for the irrigation and other equipment and recovery of attorneys' fees.

Based on the allegations in the Complaint, it is clear that diversity jurisdiction is lacking and the venue is improper. As such, this matter should be dismissed.

## III.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional

3

allegations. *See e.g., Osborn v. United States*, 918 F.2d 724, 729, fn.6 (8th Cir. 1990). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." For a facial attack, "the court restricts itself to the face of the pleadings, . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." The general rule is that a complaint shall not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Carter v. Smith*, 2006 U.S. Dist. LEXIS 99530, *8-10 (D. Neb. 2006).

In a factual attack, the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards. *Id.* citing *Osborn*, 918 F.2d at 729, fn.6 (citations omitted). The *Osborn* court explained factual attacks in greater detail: "[H]ere the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56 [b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Osborn*, 918 F.2d at 729. As such, "a court's election to consider affidavits or other documents submitted in support of a factual Rule 12(b)(1) motion does not convert the Rule 12(b)(1) motion into a motion for summary judgment. *Carter v. Smith*, *supra,* 2006 U.S. Dist. LEXIS at*8-10, citing *Osborn*, 918 F.2d at 729.

A party asserting that a federal court has subject matter jurisdiction bears the burden of establishing that jurisdiction, even if the party is not the movant. *Osborn v. United States*, *supra,* 918 F.2d at 729-30. Thus, Plaintiffs bear the burden of establishing subject matter jurisdiction even though they are opposing AXA's motion to dismiss. *Id.*

The same evidentiary presumption applies when a defendant challenges venue - the Plaintiffs bear the burden of establishing that venue is proper. *Builders Bank v. Ruvalcaba*, 2014 U.S. Dist. LEXIS 110136, *3 (N.D. Ill. 2014). 28 U.S.C. § 1406(a) authorizes district courts to dismiss cases filed in an improper venue:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. 1406(a); *accord* Fed. R. Civ. P. 12(b)(3).

> Under 28 U.S.C. § 1391(a), venue is proper in diversity of citizenship cases only in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

28 U.S.C. § 1391(a) (*emphasis added*).

If all defendants reside in the same state or there is a district in which a substantial part of the events or omissions giving rise to the claim occurred, a plaintiff may not choose a different venue under section 1391(a)(3). *Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) ("[V]enue may be predicated on § 1391(a)(3) only when neither § 1391(a)(1) or (2) are satisfied"); *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996); 17 *Moore's Federal Practice*, § 110.02 (describing § 1391(a)(3) as a "fall-back provision" used where "venue will be unavailable under § 1391(a)(1)"). Here, venue is improper as the sole defendant is from Mexico and all of the events giving rise to the claim occurred in Mexico.

Alternatively, trial courts have broad discretion in deciding a motion to dismiss based on forum non conveniens. Because here all relevant public and private interest factors favor Mexico as the proper venue, Plaintiffs' lawsuit should be dismissed.

## IV.     ARGUMENT

### A.     THIS COURT LACKS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(a)

Plaintiffs have invoked jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs have alleged that Wegener and Pribil are Nebraska residents, Kool Ag a foreign company and AXA a foreign company. Thus Plaintiffs are comprised of United States citizens and a foreign company and the sole defendant, AXA, is a foreign company.

This Court lacks subject matter jurisdiction over Plaintiffs' Complaint because one side, the defendant's side, consists of only a foreign entity. *See Rental Wu v. Ryder Truck Rental, Inc.*, 561 F.Supp.2d 1061, 1062-1063 (E.D. Mo. 2008) (no diversity jurisdiction in case with two Chinese citizens as plaintiffs and U.S. corporation and Canadian citizen as defendants); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 627 (7th Cir. 1998) (suit between aliens is outside jurisdictional grant under diversity statute).

"[J]urisdiction cannot be predicated on . . . [§ 1332](a)(3) because U.S. citizens are not on both sides of the controversy." *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008). "The diversity statute's words require there be 'citizens of different States' as a threshold matter; thus, by its terms, it only permits jurisdiction over 'citizens of different States and in which citizens or subjects of a foreign state are additional parties.'" *In re Arrowhead Capital Mgmt. LLC*, 712 F.Supp.2d 924, 929 (D. Minn. 2010), citing 28 U.S.C. § 1332(a)(3). Section 1332(a) does not confer jurisdiction where the only defendant is a foreign corporation. *Id.* In this action, because

6

one side consists of only a citizen of a foreign state and the other side consists of both citizens of a state and of a foreign state, under the above authority, this matter must be dismissed as diversity jurisdiction is absent.

### B. THIS MATTER SHOULD BE DISMISSED FOR IMPROPER VENUE

As noted above, 28 U.S.C. § 1406(a) authorizes district courts to dismiss cases filed in an improper venue. 28 U.S.C. 1406(a); *accord* Fed. R. Civ. P. 12(b)(3).

Here, pursuant to 28 U.S.C. § 1391(a), venue will be considered proper only if the defendant, AXA, resides in Nebraska; "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated;" or AXA is subject to personal jurisdiction in Nebraska, but only "*if there is no district in which the action may otherwise be brought*. 28 U.S.C. § 1391(a) (*emphasis added*).

There is no dispute that AXA is a resident of Mexico, not Nebraska. Nor can it be disputed that the "events or omissions giving rise to the claim" occurred in Mexico and not in Nebraska. Finally, AXA is not subject to personal jurisdiction in Nebraska. (*See* Exhibit B, Affidavit of Diego H. Morales, ¶ 3.) Further, even if AXA were subject to personal jurisdiction in Nebraska, because this lawsuit may be (and should be) brought in Mexico (as further discussed below), Nebraska is not the proper venue and this matter should be dismissed. *See Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, *supra* 432 F.3d at 1345 ("[V]enue may be predicated on § 1391(a)(3) only when neither § 1391(a)(1) or (2) are satisfied").

### C. THE COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS THIS ACTION UNDER THE DOCTRINE OF FORUM NON CONVENIENS

The Court, in its discretion, may address the issue of forum non conveniens along with the threshold issue of subject matter jurisdiction raised by AXA in this matter. *See Sinochem*

7

*International Co. LTD. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 432, 127 S.Ct. 1184, 1192 (2007) ("A district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."); *see also Levin v. Commerce Energy, Inc.*, 130 S.Ct. 2323, 2337 (2010) (recognizing federal courts' flexibility in choosing among threshold grounds for dismissal).

The doctrine of forum non conveniens permits a district court to decline jurisdiction where, as here, for the convenience of the litigants and the witnesses, the action should be tried in a foreign forum. *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1029 (3rd Cir. 1980). Under the doctrine, federal district courts have inherent power to resist the imposition of jurisdiction if the litigation can more appropriately be conducted in a foreign tribunal. *De Melo v. Lederle Labs*, 801 F.2d 1058, 1060 (8th Cir. 1986). The defendant moving to dismiss for forum non conveniens has the burden of proving two things: (1) the existence of an adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal. *Creative Tech. v. Aztech Sys. Pte*, 61 F.3d 696, 699 (9th Cir. 1995). In weighing the private and public interest factors, a district court may properly dismiss an action if either the private or the public interest factors favors dismissal of the action- it is not necessary for both sets of the interest factors to be met. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

### 1. Mexican Courts Offer Plaintiffs an Available and Adequate Forum

To warrant dismissal on forum non conveniens grounds, the defendant must show the existence of an adequate alternative forum. *See Piper Aircraft*, 454 U.S. at 254. Generally, a forum is considered adequate as long as the defendant is "amenable to process" in that jurisdiction and the

jurisdiction provides "some remedy" for the wrong at issue. *Id*. "This test is easy to pass; typically, a forum will be inadequate only 'where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir.1991) (quoting *Piper Aircraft*, 454 U.S. at 254).

Here, Mexico is an adequate alternative forum. It is clear that AXA, as a Mexican corporation, is subject to service of process in Mexico. Further, the Mexican courts are equally able to grant declaratory relief and award damages in this matter.

Though as a general rule, a plaintiff's choice of forum is given great deference, when a plaintiff, here Kool Ag, is foreign their choice of forum is given "substantially less deference." *See De Melo*, 801 F.2d at 1062, n.4. Plaintiffs' choice of forum is also entitled to less deference due to the fact that, as evidenced by the subject Policy, the insured, Kool Ag agreed to submit all disputes arising in connection with the Policy to a Mexican court. (*See* Policy, attached as Exhibit A to Plaintiffs' Complaint, Loss Payee Endorsement, p. 2 of 4, identifying as the "POLICY TERRITORY/JURISDICTION: Republica Mexicana.") Courts agree that a forum selection clause designating a forum different than that chosen by the plaintiff eliminates the traditional presumption favoring the plaintiff's choice of forum in forum non conveniens cases. *See, e.g., Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 510 (2d Cir.1998); *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 526 (7th Cir.2001).

### 2. The Private and Public Interest Factors Weigh in Favor of Dismissing this Case

In determining whether to dismiss a case on forum non conveniens grounds, the Courts consider the following private interest factors: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof;

9

(4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing willing witnesses to testify; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

In this case, neither of the essential parties to this contract dispute are residents of Nebraska, nor even the United States.  AXA and Kool Ag, the parties to the insurance contract, are both Mexican companies with their principal places of business in Mexico.  The individuals that could serve as witnesses on behalf of Kool Ag and AXA concerning the alleged misappropriation of the equipment giving rise to the Loss would be located in Mexico where the alleged theft occurred.

It is impractical and inconvenient for either party to present testimony in this forum as the witnesses who were involved in the purchase and delivery of the equipment reside Mexico.  Having witnesses travel and appear in this forum to present testimony will be costly and burdensome in light of air travel, hotel accommodations, food, and attorney's fees related to their testimony.  Clearly, the residences of AXA and Kool Ag and their witnesses weigh heavily in favor of Mexico and against Nebraska.  A fundamental principle guiding an improper venue analysis is that litigation should proceed in the location where the underlying events took place. *See Circle Group Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, P.A.*, 2002 WL 1559637, *3 (N.D. Ill. 2002) ("Because a substantial part of the events giving rise to plaintiff's claim did not occur in the Northern District of Illinois, venue is not proper here").

Here, it is clear that Nebraska lacks any real connection with the subject matter of this action.  Neither of the parties to the Policy are United States corporations, let alone Nebraska corporations.  Although Wegener and Pribil, who allege they are loss payees under the Policy,

10

reside in Nebraska, that is the only connection to this forum as all of the acts and omissions giving rise to this dispute occurred in Mexico. As such, burdening this forum with the costs of resolving this dispute is unnecessary. The fact that this dispute lacks significant contact with this forum militates in favor of dismissal.

In sum, Mexico is an adequate alternative forum, and both private and public interest factors weigh in favor of dismissal. Accordingly, this Court should exercise its discretion and dismiss this action on forum non conveniens grounds.

## V. CONCLUSION

WHEREFORE, for the reasons stated above, Defendant AXA respectfully requests that this Court dismiss this action based on the absence of subject matter jurisdiction and improper venue or in the alternative, dismiss this action on forum non conveniens grounds.

Respectfully submitted this 2nd day of March 2017.

**GORDON & REES, LLP**

By: *s/ Christine M. Kroupa*
Christine M. Kroupa, #24796
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
ckroupa@gordonrees.com

*Attorneys for AXA SEGUROS, S.A. DE C.V*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Stephen L. Ahl
Wolfe, Snowden, Hurd, Luers & Ahi, LLP
Wells Fargo Center
1248 "O" Street, Suite 800
Lincoln, NE  68508
*sahl@wolfesnowden.com*

                                            */s/ Meri Pincock*
                                            Meri Pincock