IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. WEGENER, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>AXA SEGUROS, S.A. DE C.V. and ISAAC V. WALL,<br><br>                Defendants. | 4:16-CV-3175<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the motion to dismiss (filing 27) filed by AXA Seguros, S.A. de C.V. ("AXA"), asserting that this Court lacks subject-matter jurisdiction over the plaintiffs' claims. The Court agrees, and will dismiss the plaintiffs' amended complaint without prejudice.

BACKGROUND

      Two of the plaintiffs—Michael J. Wegener and L. Jerome Pribil—are Nebraska residents who invested in the third plaintiff, Ko'ol Agricola, S.P.R. de R.L. de C.V. ("Ko'ol Ag"). Filing 21 at 1; filing 32-2 at 1. Ko'ol Ag is a Mexican company, and the plaintiffs' plan was to purchase farmland in Mexico and invest in Mexican agriculture. Filing 32-2 at 1; 134-35, 139. The other people involved in Ko'ol Ag were Joaquin Mendoza Estrada and Issak Wall Vogt ("Wall"). Filing 32-2 at 1. Wall, allegedly a Texas resident, is one of the defendants. Filing 21 at 1; filing 32-1 at 23-24, 120.

      Wegener and Pribil ordered irrigation equipment from a Nebraska manufacturer in Ko'ol Ag's name, and personally guaranteed the sale price. Filing 21 at 3; filing 32-1 at 284, 289-92. They also sought insurance from a Nebraska insurance agent, and eventually, through a Los Angeles insurance

broker, acquired a "contractor's equipment and heavy mobile machinery insurance policy" from AXA, a Mexican insurer. Filing 21 at 1-2; filing 21-1 at 1; filing 27-1; filing 32-1 at 14-15, 26, 35. Ko'ol Ag is the insured on the policy, and Wegener and Pribil are named as loss payees. Filing 21 at 2; filing 21-1 at 15. Wall is not named in the policy. Filing 32-1 at 67; *see* filing 21-1.

The equipment Wegener and Pribil ordered for Ko'ol Ag was delivered to a Texas equipment company, which was partially owned by Wall, and was serving as a broker in the transaction. Filing 21 at 3; filing 32-1 at 120. But the equipment was misappropriated in Mexico. Filing 21 at 3; filing 32-1 at 61-62. Wegener and Pribil have suggested that Wall was involved in the misappropriation. Filing 32-1 at 62-63; filing 32-2 at 2.

The equipment manufacturer sued Wegener and Pribil on their guarantees in state court in Platte County, Nebraska, and won a jury verdict of $1,019,795.38. Filing 32-1 at 3-5, 284-288. The plaintiffs made a claim to AXA on their insurance policy, but the claim was denied, evidently because AXA concluded the theft had been committed by Wall, a Ko'ol Ag investor. Filing 21 at 3; filing 32-1 at 75.

The plaintiffs—Wegener, Pribil, and Ko'ol Ag—sued AXA in this Court, for declaratory relief and breach of contract. Filing 1. The plaintiffs sought a declaration that the policy covered their loss, and a judgment for their damages and attorney fees. Filing 1 at 5. AXA moved to dismiss for lack of subject-matter jurisdiction, because diversity jurisdiction is absent if foreign parties are on both sides of a case and at least one side is exclusively foreign. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004).

But: "the presence of aliens on both sides of the action does not preclude diversity jurisdiction if the aliens are joined with diverse citizens, that is, an alien and a citizen of State A vs. an alien and a citizen of State B."

*Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1125 n.9 (S.D. Iowa 2007). So, the plaintiffs filed their operative amended complaint, naming Wall, who they allege is a Texas resident, as an additional defendant. Filing 21. The complaint seeks no relief from or relating to Wall, but asserts that "Wall has an interest in the controversy and is a necessary party to this action" because, according to the complaint, declaratory relief is needed to determine whether "Wall, as an interest holder in Kool Ag would be entitled to any benefits payable under the policy." Filing 21 at 2, 4.

AXA has again moved to dismiss, asserting a lack of subject-matter jurisdiction or, in the alternative, improper venue. Filing 27.

STANDARD OF REVIEW

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject-matter jurisdiction. The party asserting subject-matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008).

A Rule 12(b)(1) motion can be presented as either a "facial" or "factual" challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When reviewing a facial challenge, the court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would facing a Rule 12(b)(6) motion. *Id*. By contrast, when reviewing a factual challenge, the court considers matters outside the pleadings, and the nonmovant does not receive the benefit of Rule 12(b)(6) safeguards. *Id*. Moreover, unlike a motion for summary judgment, the court is free to resolve disputed issues of fact, *Jessie,* 516 F.3d at 712. The plaintiffs have adduced a

great deal of evidence opposing AXA's motion, *see* filing 32, so it is clear that this case presents a factual challenge.

## DISCUSSION

Pursuant to 18 U.S.C. § 1332(a), as relevant, the Court has diversity jurisdiction over cases between (1) citizens of different states, (2) citizens of a state and citizens of a foreign state, (3) citizens of different states in which citizens of a foreign state are additional parties, and (4) a foreign state as plaintiff and citizens of a state. Under those provisions, the Court lacks diversity jurisdiction over a case in which citizens of foreign states are suing one another, unless there are United States citizens from different states joined as parties on each side. *See*, *Grupo Dataflux*, 541 U.S. at 569; *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 825 n.2 (1969); *Thompson*, 503 F. Supp. 2d at 1125 n.9; *see also Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497-98 (3d Cir. 1997) (collecting cases). Section 1332 does not permit a suit between foreigners and a mixture of citizens and foreigners. *See Argo Glob. Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F. Supp. 2d 906, 915 (D. Minn. 2011) (collecting cases).

Accordingly, the Court's jurisdiction in this case is predicated entirely on Wall's status as a genuine party defendant. *See Argo*, 810 F. Supp. 2d at 906. AXA argues that Wall is, however, merely a nominal party.

> Federal courts have jurisdiction over controversies between "Citizens of different States" by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2. Early in its history, this Court established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or

> formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (citations omitted). If a party is purely a formal or nominal party—that is, not a real party in interest—his presence in the case may be ignored in determining jurisdiction. *See*, *Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012); *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977); *Argo*, 810 F. Supp. 2d at 910; *see also Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 899 (8th Cir. 2015).

The "real party in interest" is the person who, under governing substantive law, is entitled to enforce the right asserted. *Iowa Pub. Serv. Co.*, 556 F.2d at 404. A defendant is a nominal party, on the other hand, if there is no reasonable basis for predicting that it will be held liable. *Argo*, 810 F. Supp. 2d at 911; *Bejcek v. Allied Life Fin. Corp.*, 131 F. Supp. 2d 1109, 1112 (S.D. Iowa 2001). In short, a nominal defendant is one against whom no real relief is sought. *Argo*, 810 F. Supp. 2d at 911 (citing *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)).

And here, no relief is sought against Wall at all. Nothing in the complaint, or in the record, suggests any reasonable basis to believe that Wall has any interest in the proceeds of an insurance policy that did not name him as insured, loss payee, or in any other capacity. There is simply nothing to suggest that Wall has any colorable claim to any recovery from AXA. To suggest that Wall is needed as a defendant because he might have some possible (but unexplained) interest in Ko'ol Ag's recovery is akin to suggesting that in any action involving a corporate plaintiff, the corporate plaintiff's shareholders should be joined as defendants to adjudge their possible interest in any judgment.

And that presents another issue with Wall's presence in the case as a defendant: it is not at all clear why he should be a *defendant* if the purpose is to determine whether he has an interest in the plaintiffs' recovery from AXA. Even if Wall was a real party in interest, his interest is that of a plaintiff with a potential cross-claim, not a party defendant. The court has "substantial" authority to determine whether it has jurisdiction. *Osborn,* 918 F.2d at 730. And part of that is the authority to look beyond the formalities and align the parties to match their actual interests. *See City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69-70 (1941).

> Though variously expressed in the decisions, the governing principles are clear. To sustain diversity jurisdiction there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.

*Id.* (citations and quotations omitted); *accord, Dryden v. Dryden,* 265 F.2d 870, 873 (8th Cir. 1959); *Fin. Guar. Ins. Co. v. City of Fayetteville, Ark.,* 749 F. Supp. 934, 942 (W.D. Ark. 1990), *aff'd,* 943 F.2d 925 (8th Cir. 1991). When

the arrangement of the parties "is merely a contrivance . . . for the purpose of founding a jurisdiction which otherwise would not exist, the device cannot be allowed to succeed." *City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 181 (1905).

> For purposes of testing the jurisdiction of a federal court on the basis of diversity of citizenship, it is immaterial how the parties may have been designated in the pleadings, since the court must align them for jurisdictional purposes on the basis of their actual legal interests and the apparent results to them if the object sought to be accomplished by the litigation is successful.

*Dryden*, 265 F.2d at 873; *see Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966). Only when the parties are aligned to match their actual interests can the court determine whether § 1332 is satisfied. *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006)

It is clear to the Court, under these principles, that to the extent Wall has an interest in the dispute between the plaintiffs and AXA, his interest is aligned with that of the plaintiffs. There is no substantial controversy between the plaintiffs and Wall presented by these pleadings: one side of this lawsuit claimed that Ko'ol Ag's insurance policy covered its losses, and the other side denied that claim. *See*, *Hallmark Prods. v. Mosley*, 190 F.2d 904, 908 (8th Cir. 1951), *Fin. Guar. Ins. Co. v. City of Fayetteville, Ark.*, 749 F. Supp. at 942. To the extent that Wall has an interest in that claim, it is identical to the plaintiffs': all depend on establishing that Ko'ol Ag's losses were covered by the AXA policy. *See Dryden*, 265 F.2d at 874. Even if Wall had an interest in the proceeds of the AXA policy sufficient to warrant intervention—and he has made no appearance—it would be intervention on

the side of the plaintiffs. *See R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011).

In sum, the Court finds that Wall is at best a nominal party, because no relief is sought from him and there is no reasonable basis to believe he would be found liable (or that AXA would be found liable to him). Because he is a nominal party, he is disregarded for jurisdictional purposes, and diversity jurisdiction is lacking. But even if Wall had an interest in the controversy sufficient to warrant his presence as a party, his interests are those of a plaintiff, not a defendant, and that arrangement of parties is insufficient to preserve diversity jurisdiction. The Court lacks subject-matter jurisdiction, and will dismiss the plaintiffs' amended complaint without prejudice.

IT IS ORDERED:

1. AXA's motion to dismiss (filing 27) is granted.

2. The plaintiffs' amended complaint is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 9th day of June, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge